UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HELEN A. MANNEH,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No. 2:15-02200-RFB-PAL<br><br>**ORDER**<br><br>(IFP App – Dkt. #1) |

Plaintiff Helen A. Manneh has submitted an Application to Proceed *In Forma Pauperis* (Dkt. #1) along with a Complaint (Dkt. #1-1). This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 and 1-9 of the Local Rules of Practice.

**I.  *IN FORMA PAUPERIS* APPLICATION**

Plaintiff's Application includes the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted. The Court will now review Plaintiff's Complaint.

**II.  SCREENING THE COMPLAINT**

After granting a request to proceed *in forma pauperis*, a federal court must additionally screen the complaint and any amended complaints filed prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) "applies to all *in forma pauperis* complaints"). The simplified pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure applies to all civil actions, with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). For purposes of 28 U.S.C. § 1915's screening requirement, a properly pled complaint must therefore provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915 is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).  In considering whether a plaintiff states a valid claim, the court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  When a court dismisses a complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Ms. Manneh's Complaint challenges a decision by the Social Security Administration ("SSA") denying Plaintiff disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act.  *See* Compl. (Dkt. #1-1) ¶ 3.  To state a valid benefits claim, a complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Starr*, 652 F.3d at 1216.  Although this showing need not be made in great detail, it must be presented in sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint.  *See* 4 Soc. Sec. Law & Prac. § 56:4 (2015).

/ / /

### A.   Exhaustion of Administrative Remedies

Before a plaintiff can sue the SSA in federal court, she must exhaust her administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, she can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See* 20 C.F.R. §§ 404, 416.

In this case, Ms. Manneh alleges that on September 24, 2015, the Appeals Council denied her request for review, and the ALJ's decision became the final decision of the Commissioner. *See* Compl. ¶ 8. Thus, it appears Ms. Manneh has exhausted her administrative remedies. Once a plaintiff has exhausted her administrative remedies, she can obtain review of an SSA decision denying benefits by commencing a civil action within sixty days after notice of a final decision. *Id.* An action for judicial review of a determination by the SSA must be brought in a District Court of the United States for the judicial district in which a plaintiff resides. *Id.* Here, Ms. Manneh timely commenced this action as the Complaint was filed on November 19, 2015, and the Complaint indicates that she resides within the District of Nevada. *See* Compl. ¶ 1. Accordingly, Ms. Manneh has satisfied these prerequisites for judicial review.

### B.   Grounds for Ms. Manneh's Appeal and the Nature of her Disability

Ms. Manneh's Complaint seeks judicial review of the Commissioner's decision denying benefits and asks the Court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if a plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and

(b) whether the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In her Complaint, Ms. Manneh contends there is not substantial medical or vocational evidence in the record to support: (a) the legal conclusion she is not disabled within the meaning of the Social Security Act; or (b) the Commissioner's finding that Plaintiff could perform substantial gainful activity. *See* Compl. ¶ 9. Ms. Manneh asserts that the record supports a finding that she is disabled and has been continuously disabled at all relevant times. *Id*. ¶ 9(c). Ms. Manneh also alleges new evidence exists that warrants a remand of this matter for further proceedings. *Id*. ¶ 9(d).

However, Ms. Manneh has not stated the nature of her disability or alleged when it commenced, instead alleging only Plaintiff "is, and at all times relevant to this action, disabled as that term is defined in the Social Security Act." *Id.* ¶ 5. Additionally, Ms. Manneh merely alleges that the Commissioner's decision to deny Plaintiff benefits was wrong, but she fails to indicate *why* the decision is wrong, other than by reciting the general standards that govern the court's review of the SSA's decision. Rule 8's pleading standard requires more than a "formulaic recitation of the elements of a cause of action" and more than "labels and conclusions." *Iqbal*, 556 U.S. at 678. A complaint merely stating that the SSA's decision was wrong and failing to describe plaintiff's disability is insufficient to satisfy Rule 8's pleading requirement because the complaint does not provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Cf. Starr*, 652 F.3d at 1216 (addressing post-*Iqbal* pleading standards and holding that a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). Accordingly, Ms. Manneh's Complaint fails to state a claim upon which relief can be granted.

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff Helen A. Manneh's Application to Proceed *In Forma Pauperis* (Dkt. #1) is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Clerk of Court shall file the Complaint, but shall not issue summons.

4. The Complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall have 30 days from the date of this order, or until **January 4, 2016**, to file an amended complaint, if Plaintiff believes she can correct the noted deficiencies.

5. Failure to file an amended complaint in accordance with this order may result in a recommendation to the district judge that this case be closed.

Dated this 7th day of December, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE